IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Theodore S. Mitchell,            :

    Plaintiff,              :

  v.                           :      Case No. 2:05-cv-0712

Thomas B. Courtice, et al.,      :      JUDGE HOLSCHUH

    Defendants.             :

<u>MEMORANDUM AND ORDER</u>

    This employment discrimination case is before the Court on motions for summary judgment filed by defendant Douglas W. Warnock (doc. #14) and defendants Ohio Wesleyan Board of Trustees, Thomas B. Courtice, William C. Louthan, Richard Fusch, and Margaret R. Fete (doc. #18).  Plaintiff Theodore S. Mitchell has opposed both motions.  Because both summary judgment motions raise the same issues and arguments, the summary judgment motions will be consolidated for this Memorandum and Order.  For the following reasons, the defendants' motions for summary judgment will be granted.

I.

    The following facts are taken from the complaint and the materials submitted by the parties in connection with their summary judgment motions.  *Pro se* plaintiff, Theodore Mitchell, was a part-time professor at Ohio Wesleyan University teaching courses in Black Identity and Black Family from 1990 until his termination in 2003.  In the 2001-2002 academic year, Mr. Mitchell was designated as "continuing part-time," ("CPT") which indicated that Mr. Mitchell received positive recommendations from his department.

    When a part-time instructor is designated "CPT," that

designation must be renewed every two years. Accordingly, in 2003, Mr. Mitchell was brought before the CPT committee for re-designation. Prior to Mr. Mitchell's re-designation, the CPT committee learned that Mr. Mitchell was indicted for grand theft, a felony, in the Delaware Court of Common Pleas. Despite this indictment, the committee re-designated Mr. Mitchell as "CPT" on two conditions: (1) "his full acquittal on or the complete dismissal of all criminal charges that were then pending or were brought against him" and (2) "demonstrable improvement in his teaching and scholarly work as judged by the faculty personnel committee." (Defendants' Motion for Summary Judgment (doc. #18) at p. 3.) The University sent Mr. Mitchell a letter advising him of his current status. The letter stated, in pertinent part, that Mr. Mitchell's "conviction for theft or theft-related charges whether a felony or misdemeanor, or for any other crimes, will result in revocation of your CPT status and termination of your employment." (Id.)

On August 29, 2003, Mr. Mitchell pleaded *nolo contendere* to unauthorized use of a motor vehicle, a misdemeanor of the first degree. Under the terms of Mr. Mitchell's CPT designation, Mr. Mitchell was terminated as an instructor at Ohio Wesleyan on September 26, 2003. Subsequently, Mr. Mitchell filed a charge of discrimination with the United States Equal Employment Opportunities Commission ("EEOC") claiming that he was terminated because of his race. On June 4, 2004, the EEOC closed its investigation and sent a "Dismissal and Notice of Rights" to Mr. Mitchell indicating that the information it obtained did not establish a statutory violation. On July 25, 2005, Mr. Mitchell filed a civil action in this Court alleging violations of 42 U.S.C. §§2000d, 2000e-2. The defendants now move for summary judgment.

II.

Fed. R. Civ. P. 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original); Kendall v. The Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. Lashlee v. Sumner, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is,...[and where] no genuine issue remains for trial,...[for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 467 (1962); accord, County of Oakland v. City of Berkley, 742 F.2d 289, 297 (6th Cir. 1984).

In making this inquiry, the standard to be applied by the Court mirrors the standard for a directed verdict. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson, 477 U.S. at 250.

> The primary difference between the two motions is procedural: summary judgment motions are usually made before trial and

3

> decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted. <u>Bill Johnson's Restaurants, Inc. v. NLRB</u>, 461 U.S. 731, 745, n. 11 (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

Accordingly, although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed "to secure the just, speedy and inexpensive determination of every action." <u>Celotex</u>, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 157 (1970) (footnote omitted); <u>accord, Adams v. Union Carbide Corp.</u>, 737 F.2d 1453, 1455-56 (6th Cir. 1984), <u>cert. denied</u>, 469 U.S. 1062 (1985). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962); <u>Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.</u>, 630 F.2d 1155, 1158 (6th Cir. 1980). Additionally, "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. <u>Adickes</u>, 398 U.S. at 157-60; <u>Smith v. Hudson</u>, 600 F.2d 60, 65 (6th Cir.), <u>cert. dismissed</u>, 444 U.S. 986 (1979).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the

4

existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. <u>Celotex</u>, 477 U.S. at 322. The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. <u>Anderson</u>, 477 U.S. at 251. As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him." <u>First National Bank of Arizona v. Cities Service Co.</u>, 391 U.S. 253, 259 (1968) (footnote omitted). Because the Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, this Court must apply Ohio substantive law in determining whether summary judgment is appropriate. <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64 (1938); <u>Klaxon Co. v. Stentor Electric Manufacturing Co.</u>, 313 U.S. 487 (1941). It is with this standard in mind that the Court will examine the defendants' motions for summary judgment.

III.

   Because the Court is consolidating both motions for summary judgment, the Court will evaluate both discrimination claims as they are applied to (1) Mr. Warnock, (2) the University, and (3) Mr. Courtice, Mr. Louthan, Mr. Fusch and Ms. Fete (collectively known as the "individual defendants" in this Memorandum and Order).

<u>Title VI</u>

   Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d,

5

states that

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. §2000d. In order to maintain a private right of action under 42 U.S.C. §2000d, a plaintiff must prove the threshold requirement that the "program or activity" from which plaintiff was excluded receives federal financial assistance. Id.; Buchanan v. City of Bolivar, 99 F.3d 1352, 1356 (6th Cir. 1996). In asserting a Title VI claim, a plaintiff must make the discrimination claim against a "program or activity" and not an individual defendant. 42 U.S.C. §2000d; Buchanan, 99 F.3d at 1356 ("In insisting that she may maintain an action against [individual defendants], plaintiff misreads 42 U.S.C. §2000d-4a as defining the term 'program or activity' in §2000d as solely defining against whom a cause of action may be brought"); D.J. Miller & Assoc. v. Ohio Dept. of Admin. Services, 115 F.Supp.2d 872, 877 n.2 (S.D. Ohio 2000)(citing Farm Labor Organizing Comm. v. Ohio State Highway Patrol, 95 F.Supp.2d 723, 741 (N.D. Ohio 2000))("Assuming that [an individual defendant] is a proper[ly added] defendant for purposes of this Opinion and Order, the Court notes that "'[t]he proper defendant in a Title VI case is an entity rather than an individual'"). The statute defines "program or activity," in relevant part, as

> (2)(A) a college, university or other postsecondary institution, or a public system of higher education; or
> (B) a local educational agency ..., system of vocational education, or other school system

42 U.S.C. §2000d-4a.

When a "program or activity" is properly named as a defendant, Title VI limits the prohibition of discrimination to a "program or

6

activity" whose "primary objective of the Federal financial assistance is to provide employment." Id. at §2000d-3; Wrenn v. Gould, 808 F.2d 493, 497 (6th Cir. 1987).

*Mr. Warnock and the individual defendants*

A review of the record indicates that Mr. Warnock and the individual defendants are merely individuals, not a "program or activity" within the statutory construct of 42 U.S.C. §§2000d and 2000d-4a. Accordingly, Mr. Mitchell cannot, as a matter of law, maintain a Title VI claim against Mr. Warnock and the individual defendants. Moreover, assuming *arguendo* that Mr. Warnock and the individual defendants are "programs" or "activities," nowhere in the record does it suggest or indicate that these defendants receive federal financial assistance with the primary objective of providing employment.

*The University*

Even though Mr. Mitchell does not provide evidence that the University satisfies the "program or activity" definition in 42 U.S.C. §2000d-4a, this Court will assume that the University is such a "program or activity." Nevertheless, the record demonstrates that the University's primary objective of receiving any federal funding is *not* to provide employment. According to George Elsbeck, the Vice President for Business Affairs and Treasurer at Ohio Wesleyan University,

> the federal assistance received by the University has been primarily federal funding for student financial aid and faculty/student research. While additional federal funding has been received by the University, none has or has had as its primary objective the purpose of providing employment.

(Aff. of George Elsbeck.) Mr. Mitchell does not provide any documentation or evidence to rebut this claim. Thus, Mr. Mitchell cannot maintain a Title VI claim against the University.

7

<u>Title VII</u>

42 U.S.C. §2000e-2 states, in relevant part, that

> It shall be unlawful employment practice for an employer –
>
> (1) to fail or refuse to hire or to discharge, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color ....

42 U.S.C. §2000e-2(a)(1). An employer "means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calender weeks in the current or preceding calender year ...." <u>Id.</u> at §2000e(b).

In order to maintain a successful Title VII claim in federal court, a plaintiff must first file a discrimination charge with the EEOC. <u>Id.</u> at §§2000e-4, *et seq*. A charge of discrimination must be "filed within one hundred and eighty days after the alleged unlawful employment practice occurred ...." <u>Id.</u> at §2000e-5(e)(1). If the EEOC dismisses the discrimination charge, the alleged aggrieved party may bring a cause of action for discrimination as long as the action is filed within ninety days after the EEOC notifies the alleged aggrieved party that the case is dismissed. <u>Id.</u> at §2000e(f)(1).

*Mr. Warnock, individual defendants, the University*

All of the defendants in this action claim that Mr. Mitchell cannot successfully maintain a Title VII claim because Mr. Mitchell did not timely file this case within the ninety-day time period prescribed in 42 U.S.C. §2000e-5(f)(1).[1] In the instant case, the

---

[1] Mr. Warnock also claims that he is not an "employer" within the definition stated in 42 U.S.C. §2000e(b). A review of Mr. Warnock's affidavit, which indicates that Mr. Warnock has never employed Mr. Mitchell or made a decision to hire or retain Mr. Mitchell, indicates this to be true.

Case: 2:05-cv-00712-JDH-TPK Doc #: 26 Filed: 07/17/06 Page: 9 of 10 PAGEID #: 127

EEOC sent Mr. Mitchell notice that his discrimination claim was being dismissed on June 4, 2004. In the notice, the EEOC explicitly stated that, if Mr. Mitchell wished to sue the alleged defendants in court, the "**lawsuit must be filed WITHIN 90 DAYS of your receipt of this Notice**." (Dismissal and Notice of Rights, Aff. of William C. Louthan, Ex. C)(emphasis in original). However, according to the record, Mr. Mitchell did not file suit in this Court until July 25, 2005, which is over one year after the EEOC notice was sent to him. Accordingly, because of the stringent application of the ninety day rule, see Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984)(per curiam)("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants"); Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000)("The federal courts have strictly enforced Title VII's ninety-day statutory limit"), Mr. Mitchell's Title VII claim fails as a matter of law. Although there may be circumstances where the Court can excuse the untimely filing of a Title VII complaint, see, e.g., Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998), Mr. Mitchell has not presented any facts to the Court which would excuse his untimely filing. Thus, the Court is required by the language of Title VII itself to dismiss his complaint as untimely.

### III.

In sum, Mr. Warnock's motion for summary judgment (doc. #14) is GRANTED. Further, the motion for summary judgment (doc. #18) by Ohio Wesleyan University Board of Trustees, Thomas B. Courtice,

9

William C. Louthan, Richard Fusch and Margaret R. Fete is GRANTED.
The case is DISMISSED WITH PREJUDICE.


<u>July 17, 2006</u>                                       <u>/s/ John D. Holschuh        </u>
                                                John D. Holschuh, Judge
                                                United States District Court